**NOT FOR PUBLICATION**

**FILED**

OCT 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABC SERVICES GROUP, INC., in its capacity as assignee for the benefit of creditors for Morningside Recovery, LLC, | No. 22-55631 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-00243-DOC-DFM |
| v. | MEMORANDUM* |
| AETNA HEALTH AND LIFE INSURANCE COMPANY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 3, 2023**
Pasadena, California

Before: GRABER, MENDOZA, and DESAI, Circuit Judges.

Plaintiff ABC Services Group, Inc., appeals the district court's dismissal with

prejudice of its second amended consolidated complaint. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 873 n.5 (9th Cir. 2017), and we review for an abuse of discretion the district court's denial of leave to amend, *Or. Clinic, PC v. Fireman's Fund Ins.*, 75 F.4th 1064, 1073 (9th Cir. 2023). We affirm.

1.    The district court did not err by dismissing Plaintiff's complaint under Rule 12(b)(6) because (1) Plaintiff lacks derivative authority to sue under the Employee Retirement Income Security Act of 1974 ("ERISA"), and (2) Plaintiff failed to plead ERISA claims sufficiently.

First, Plaintiff lacks derivative authority to bring ERISA claims as a second assignee. Under 29 U.S.C. § 1132(a)(1)(B), only a "participant or beneficiary" has authority to sue to recover ERISA benefits. An exception allows health care providers to sue on their patients' behalf if the patients assign their claims to the provider in exchange for health care. That exception furthers ERISA's purpose of protecting employees' rights to health benefits. *Simon v. Value Behav. Health, Inc.*, 208 F.3d 1073, 1081 (9th Cir. 2000), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007). But where, as here, a health care provider reassigns its patients' claims to a non-provider third party that has no relationship to the patients, the third party cannot file those claims on behalf of the

2

patients. *Id.*[1] Because allowing this type of transaction "would be tantamount to transforming health benefit claims into a freely tradable commodity," *id.*, Plaintiff lacks authority to sue.

Second, even if Plaintiff had authority to sue, it failed to plead ERISA claims adequately. After years of litigation and multiple amended complaints, Plaintiff asserts near-identical, generalized allegations on information and belief against all Defendants. But the allegations do not identify any Defendant's particular plan terms conferring a benefit on patients, nor do they specify any Defendant's particular conduct in denying such a benefit. *See, e.g.*, *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020) (holding that, to plead a claim under 29 U.S.C. § 1132(a)(1)(B), a "plaintiff must allege 'the existence of an ERISA plan,' and identify 'the provisions of the plan that entitle [the plaintiff] to benefits'" (quoting *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015))). Plaintiff need not recite every relevant term of every relevant plan, but it must do more than broadly allege that dozens of insurers with distinct plans all violated the same generalized obligation to reimburse mental health

---

[1] Plaintiff argues that this court should apply *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 22 F.4th 1086 (9th Cir. 2022), to expand third-party derivative authority to bring ERISA claims. But *Bristol* only "modest[ly]" extended derivative authority to a health care provider's successor-in-interest through bankruptcy proceedings under "unique circumstance[s]" that do not exist here. *Id.* at 1091, 1092.

and substance abuse treatment. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Rule 8's pleading standard "does not require 'detailed factual allegations,'" but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

2.    The district court did not abuse its discretion by denying leave to amend. Plaintiff forfeited any challenge to the district court's denial of leave to amend by failing to raise the issue in its opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**